ORDER IMPOSING SANCTIONS
PER CURIAM.
The notice of appeal was filed on June 24, 1982. Appellant received from the lower tribunal several extensions of time for preparing and transmitting the record on appeal and filing the initial brief. The last extension of time permitted appellant to file his initial brief on or before December 15, 1982.
On April 15, 1983, this court issued a sua sponte order directing appellant to show cause why the appeal should not be dismissed for failure to file an initial brief. In response to the order, counsel for appellant stated that as he was preparing the initial brief, appellant contacted him to advise that he did not want to pursue the appeal but instead intended to seek other relief. Counsel alleged that because he was of the opinion that such a course was not in appellant’s best interest, he sought leave of the court on December 23, 1982 to hold the appeal in abeyance to permit appellant to decide what he wanted to do. Appellant attached a copy of the motion to hold the appeal in abeyance to his response.
The purported motion to hold the appeal in abeyance was never received by this court. Moreover, the motion was never received by the state because appellant intentionally failed to serve the state. In the body of the motion, appellant specifically states that because of the “unique nature of the request” the motion would not be served on appellee but that an additional copy of the motion was being sent to the court for forwarding to appellee should the court find it necessary. There is nothing in the appellate rules that authorizes this procedure. Florida Rule of Appellate Procedure 9.420(b) states: “A copy of all documents filed pursuant to these rules shall, before filing or immediately thereafter, be served on each of the parties.” The rule clearly states what is required. All documents filed shall be served on each party.
On May 11, 1983, this court directed counsel for appellant, Benedict P. Kuehne, Esquire, to appear before this court to show cause why he should not be held in contempt of this court and punished accordingly for his disregard of the appellate rules and his failure to properly prosecute this appeal. We find that neither the written response to the order of April 15 nor the oral explanation made to the court constitutes good cause for counsel’s failure to comply with the appellate rules. Although we find that contempt is too severe a sanction to be imposed at this time, counsel is warned that any future violations of the appellate rules in this or any other case may result in a finding of contempt. By publication of this order, Benedict P. Kuehne, Esquire, is publicly reprimanded for the manner in which he has handled this appeal. *17 A copy of this order will be forwarded to the Florida Bar for any action it may deem warranted. Further, counsel is instructed to send a copy of this order to his client and provide this court with a certificate showing such service.
IT IS SO ORDERED.
MILLS, BOOTH and SHIVERS, JJ., concur.